Filed 12/2/14  P. v. Peraza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071418 |
| v. | (Super. Ct. No. SF118726B) |
| RICHARD RAY PERAZA, | |
| Defendant and Appellant. | |

Defendant Richard Ray Peraza and codefendant Juan Leon were jointly charged with the robbery of Karl Almirol.  It was alleged that during the robbery defendant was personally armed with a firearm and Leon was vicariously so armed.  Following jury selection, Leon pled guilty to the robbery and admitted the armed enhancement.  Leon was granted use immunity and testified for the prosecution, admitting he pled guilty to the robbery of Almirol, but denying he actually committed the robbery.  The jury convicted defendant as charged and he was sentenced to state prison for 13 years.

On appeal, defendant contends the trial court deprived him of his federal and state constitutional rights to confrontation and to present a defense when it sustained the prosecutor's objections to his cross-examination of Leon regarding whether Leon

remembered where he was the night of the Almirol robbery, why he pled guilty to that robbery, and if he actually did rob Almirol. The People respond defendant has forfeited the constitutional issues for appellate review because he failed to timely object on constitutional grounds; even if the trial court wrongfully sustained the prosecutor's objections, we should uphold the ruling because the evidence was excludable under Evidence Code section 352; and, even if the court erred in excluding the evidence, the error was harmless. We conclude the trial court erred in excluding defendant's cross-examination questions but this error was not of federal constitutional dimension. Instead, the error is a violation of the California Constitution, pursuant to which prejudice is determined by whether there is a reasonable probability that in the absence of the error the defendant may obtain a more favorable result. Under this standard, we conclude the error is harmless. Accordingly, we affirm the judgment.

STATEMENT OF FACTS

On August 22, 2010, at approximately 10:00 p.m., Karl Almirol was working at Domino's Pizza when he received a telephone order from a person identifying himself as "Richard" requesting delivery of pizza and sodas to an apartment complex on Oak Street in Stockton. As Almirol was nearing that location with the order, he called the phone number Richard had given when placing the order to let Richard know he was almost there. Almirol recognized the voice that answered as the Richard who had placed the order.

About this time, Almirol saw two persons behind a fence, one of whom was waving at him. One of the individuals asked Almirol to wait while they got money to pay for the pizza. Almirol put the pizza and sodas on the top of his car and waited. Shortly thereafter, one of the two individuals approached Almirol and tried to take the pizza and sodas. As Almirol was struggling with this person, the other person came up behind Almirol, pointed a gun at Almirol's head, and told Almirol to throw down his money. Almirol complied and the two grabbed the pizza, sodas, and money and then fled.

2

Almirol reported the robbery to the police and returned to Domino's Pizza. Using Domino's database of customers, Almirol determined the order was placed by Richard Peraza with an address of 339 West Oak Street in Stockton. Almirol input the name "Richard Peraza" into the MySpace Web site and a page came up showing a photograph of defendant with the name "Filthy Rich." Almirol recognized defendant's photograph as that of the robber with the gun. The MySpace page also contained a photograph of a gun Almirol believed was used in the robbery and, under the heading "top ten friends," a photograph of Juan Leon, whom Almirol recognized as the other robber. Almirol identified defendant in court as the person who used the gun in the robbery. Almirol also identified Leon as the second robber from a photo lineup.

Leon was granted use immunity and testified to having pled guilty to the robbery of Almirol; however, he denied having actually committed the crime. Leon claimed he pled guilty only "because it was my best choice that I had. I didn't do the crime. I wasn't there. I don't know anything about it. They caught me 14 months after. I didn't have no self-defense for myself." Leon also testified he told a detective, Michael Perez, that he did not commit the robbery. Leon believed his address at the time of the robbery was across the street from the apartment where the robbery occurred.

Defendant testified, denying having committed the robbery of Almirol or knowing Leon. Defendant admitted he had set up the MySpace account, but claimed other friends also used it. Defendant did not know where he was on the date of the robbery.

DISCUSSION

I

*Defendant's Constitutional Claims Are Not Forfeited*

Relying on *People v. Burgener* (2003) 29 Cal.4th 833 (*Burgener*), the People contend defendant has forfeited his contention that he was deprived of his federal and state rights to confront and cross-examine Leon and to present a defense because he

3

failed to raise the constitutional claims at trial. We conclude the constitutional claims are not forfeited and reach the merits.

The People's reliance on *Burgener, supra,* 29 Cal.4th 833 is misplaced. *Burgener* involved a challenge to the trial court's admission of evidence rather than, as here, the trial court's exclusion of evidence sought during cross-examination. Evidence Code section 353 governs error in admitting evidence,[1] whereas Evidence Code section 354 governs error in excluding evidence.[2] Hence, *Burgener* is not on point.

On point is *People v. Foss* (2007) 155 Cal.App.4th 113. There, the court observed: "Normally, if the trial court excludes evidence on cross-examination, no offer of proof is necessary to preserve the issue for consideration on appeal. (Evidence Code, § 354, subd. (c).) However, '[c]ross-examination is limited to the scope of the direct examination. (Evid. Code, § 773.)' [Citation.] If the evidence the defendant seeks to elicit on cross-examination is not within the scope of the direct examination, an offer of proof is required to preserve the issue." (*Id*. at p. 127.) In other words, if the cross-

---

[1] Evidence Code section 353 provides: "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and [¶] (b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of justice."

[2] Evidence Code section 354 provides: "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice and it appears of record that: [¶] (a) The substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means; [¶] (b) The rulings of the court made compliance with subdivision (a) futile; or [¶] (c) The evidence was sought by questions asked during cross-examination or recross-examination."

examination is within the scope of the direct examination, then no offer of proof is necessary to preserve the issue for appeal.

Here, on direct examination by the People, Leon admitted pleading guilty to the robbery, but he also denied having committed the robbery. Because the questions asked by defendant on cross-examination related to Leon's involvement in the robbery, a point placed in issue by the People, the questions were within the scope of the direct examination. (See *People v. Gonzales* (2011) 51 Cal.4th 894, 945 [cross-examination may be directed to eliciting any matter that may tend to overcome or qualify the effect of the testimony given on direct examination].) Accordingly, defendant was not required to make an offer of proof to preserve the constitutional claims for appellate review.

**II**

***The Trial Court Erred in Sustaining the Prosecutor's Objections to Defendant's Cross-examination of Leon***

At issue is the following cross-examination of Leon by defense counsel:

"[Defense counsel]: Do you remember where you were on August 22nd of 2010?

"[Prosecutor]: Objection. Relevance. Beyond the scope.

"THE COURT: Can you lead me to some relevance?

"[Defense counsel]: Well, that's the day he's alleged to have committed the . . . robbery.

"THE COURT: Well, he's [pled] guilty.

"[Defense counsel]: He still doesn't remember where he was. It's still relevant whether or not he did or didn't commit the crime.

"[Prosecutor]: It's [an] objection as to relevance for purposes of - -

"THE COURT: I'm going to sustain the objection.

"[Defense counsel]: Why did you plead guilty to the crime?

"[Prosecutor]: Objection. Relevance.

"THE COURT: I'm going to sustain it.

"[Defense counsel]: Did you rob Karl Almirol?

5

"[Prosecutor]: Objection. Relevance.

"THE WITNESS: No.

"[Prosecutor]: Argumentative.

"THE COURT: Sustained. The answer will be stricken."

We conclude the challenged questions were relevant. " 'Relevant evidence' means evidence, including evidence relative to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) Leon's admission that he pled guilty to the robbery of Almirol could be used to support the credibility of Almirol's identification of defendant as the robber with the gun. If defendant could establish Leon had a reason for pleading guilty other than having committed the robbery, this reason could undermine Almirol's credibility in his identification of defendant.[3] Because each of defendant's questions to Leon went to establishing that, despite pleading guilty, Leon may not have been involved in the robbery, the questions were relevant.

The trial court also sustained the prosecutor's argumentative objection to defendant's question asking Leon if he robbed Almirol. We conclude this question was not argumentative. A question is argumentative when it is designed to engage the witness in an argument (*People v. Mayfield* (1997) 14 Cal.4th 668, 755) or when it is a speech to the jury masquerading as a question (*People v. Chatman* (2006) 38 Cal.4th 344, 384). Neither is the case here. The question, "Did you rob Karl Almirol" is a simple question requiring a yes or no answer. The question was not argumentative.

---

[3] As to the jury's use of the evidence that Leon pled guilty to robbing Almirol, the court instructed the jury: "The fact that the defendant Juan Leon has [pled] guilty to the same charge against Richard Peraza cannot be used as evidence of guilt against Richard Peraza. The plea of guilty can only be used by you to evaluate the credibility of Juan Leon as to Richard Peraza. You must rely solely on the evidence presented to you in this trial."

6

In sum, we conclude the trial court erred in sustaining the prosecutor's relevance and argumentative objections to defendant's questions during cross-examination of Leon.

## III

### *Exclusion of Evidence under Evidence Code Section 352*

The People attempt to invoke the principle that a ruling or decision will be upheld if correct upon any theory applicable to the case. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) According to the People, such an applicable theory is found in Evidence Code section 352 (section 352), which gives the trial court discretion to exclude relevant evidence if its admission will "necessitate undue consumption of time."[4] The People argue that permitting defense counsel to cross-examine Leon regarding the facts of his plea would require "a mini-trial on Leon's guilt," thereby causing "undue prejudice, confusion or consumption of time."

A similar argument was made and rejected in *People v. O'Shell* (2009) 172 Cal.App.4th 1296. There, the trial court excluded the defendant's proffered testimony on the ground it was irrelevant. In addition, the prosecutor noted her "motion was not only that it was not relevant . . . but also that it would be prejudicial under [section] 352." The trial court stated, "So noted." (*Id.* at pp. 1305-1306.) On appeal, after the court found the evidence was relevant, the People argued the ruling should still be upheld because the trial court could have excluded the evidence under section 352. (*Id.* at pp. 1308-1309.) The court rejected the People's position because the trial court was never asked to exclude the evidence under section 352 as a basis for exclusion, thereby depriving the trial court of the opportunity to engage in the balancing of prejudice against probative value required by section 352. (*Id.* at pp. 1309-1310.) Here, the record is even more

---

**4**    Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

clear that the People did not request the trial court to exclude, pursuant to section 352, evidence relating to Leon's involvement in the Almirol robbery. Thus, this alternative theory cannot be raised on appeal.

## IV

### *Harmless Error*

Defendant contends the trial court's exclusion of Leon's testimony as to where he was during the robbery, why he pled guilty to the robbery, and whether he actually committed the robbery, deprived him of his Sixth Amendment right to confront and cross-examination a witness and to present a defense. As we determined in part II, the trial court erred in excluding defendant's cross-examination of Leon. We now conclude that while the error was not of federal constitutional dimension, it was a violation of the right to confrontation under the California Constitution. To determine whether the error is harmless, we apply the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). Under the *Watson* standard, the error is deemed harmless unless the defendant can demonstrate a reasonable likelihood that in the absence of the error he or she would have obtained a more favorable result. (*Id.* at pp. 836-837.) As we explain, we conclude the error is harmless.

### *Alleged Violation of Sixth Amendment Right to Confrontation*

"The determination whether a defendant has been denied the right of confrontation is focused on the individual witness. The standard for determining if a confrontation clause violation has occurred is whether a reasonable jury might have received a significantly different impression of the witness's credibility had the defendant been permitted to pursue his [or her] proposed line of cross-examination. [Citation.]" (*People v. Greenberger* (1997) 58 Cal.App.4th 298, 350; *People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 842 ["[Federal] [c]onfrontation rights are not violated unless a defendant shows that the prohibited cross-examination would have produced a significantly different impression of the witness's credibility"].)

Defendant argues that had he been permitted to cross-examine Leon on the questions at issue, a significantly different impression of Leon's credibility would have been produced. This is so because although Leon admitted pleading guilty to participating in the robbery of Almirol, he also testified he did so because it was his best choice, he did not do the crime, he was not there, he did not know anything about the crime, and he did not have a defense because he was not arrested until 14 months after the crime. Defendant claims the trial court's rulings prohibited him from "elicit[ing] facts adding credibility and factual support" to Leon's claims and from "expanding on the reasons for [Leon's] pleading guilty," and "[i]mportantly," getting before the jury Leon's "previous adamant denials that he was involved in the robbery."

The argument is not persuasive given the strength of the evidence at trial supporting Almirol's identification of defendant and Leon as the individuals who robbed him. Almirol's identification of defendant was certain and corroborated by other facts. Almirol saw defendant's face during the robbery, once leaning by the fence and again when defendant came up behind him and pointed the gun at him. As Almirol approached the location for the pizza delivery he called the number given by the "Richard" who placed the pizza order and recognized the voice that answered as the same person who had placed the order. On returning to Domino's after the robbery, Almirol checked Domino's database and found the name Richard Peraza was associated with the order. Almirol entered the name Richard Peraza into the MySpace Web site, which included defendant's photograph, a photograph of Leon listed as a "top ten friend," and a photograph of a gun that looked like the one used in the robbery. Almirol also selected Leon's photograph from a lineup prepared by Officer Perez, and during trial he made an in-court identification of defendant as the robber with the gun. Defendant admitted having set up the MySpace Web site entitled, "Filthy Rich."

Because the evidence strongly, if not overwhelmingly, demonstrates it was defendant and Leon who robbed Almirol, it is not reasonably likely further cross-

9

examination of Leon would have elicited facts that would have produced a "significantly different impression" of Leon's credibility in the eyes of the jury. Accordingly, there was no Sixth Amendment confrontation violation.

### *Alleged Violation of Right to Confrontation under the California Constitution*

Defendant contends the trial court's error in sustaining the prosecution's objections to his cross-examination of Leon, made on grounds of relevancy and argumentation, was prejudicial under the *Watson* standard. (*Watson, supra,* 46 Cal.2d 818.) It was not.

"An ordinary error made under the evidentiary rules, which does not implicate federal constitutional rights, is reviewed under the reasonable probability standard of *People v. Watson, supra,* 46 Cal.2d at page 836 . . . ." (*People v. King* (2010) 183 Cal.App.4th 1281, 1315.) Under that standard, once a defendant has proved trial court error, the defendant "must further establish there exists a reasonable probability he or she would have obtained a more favorable outcome in the trial of guilt or innocence were it not for the error." (*People v. Alexander* (2010) 49 Cal.4th 846, 896.)

While defendant has established the trial court erred in denying him further cross-examination of Leon, he cannot, on this record, show that in the absence of the error he would have achieved a more favorable outcome. This is so because the evidence supporting Almirol's identification of defendant and Leon as the individuals who robbed him, as set forth above, was extremely strong and was corroborated by other evidence, while the evidence that neither defendant nor Leon was involved in the robbery consisted only of the their unsupported denials. Accordingly, defendant's contention is rejected.

### V

### *The Right to Present a Defense*

Defendant contends that "[f]or the same reasons the trial court violated the right to cross-examine Leon, the right to present a defense was also violated." However, as we have explained, the trial court's error in sustaining the prosecution's objections to the

additional cross-examination of Leon was not of federal constitutional dimension, but was harmless error under the *Watson* standard. Accordingly, we reject defendant's contention.

DISPOSITION

The judgment is affirmed.


                                             HOCH     , J.



We concur:



     RAYE     , P. J.



   NICHOLSON   , J.